**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5597-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CLARENCE WILLIAMS,
a/k/a CLARENCE EDWARD
WILLIAMS,

     Defendant-Appellant.

_____

Submitted January 12, 2021 – Decided January 29, 2021

Before Judges Haas and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 12-03-0728.

Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M. Hebbon, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Hannah F. Kurt, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a June 3, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

To provide context for our decision, we briefly recount the relevant facts and procedural history as detailed in our opinion affirming defendant's sentence:

> At approximately 5:30 p.m. on June 24, 2011, the victim, Mr. Vasquez, was at a gas station putting air into the rear, driver's side tire of his Infiniti G-35 automobile. It was a clear, sunny day. The car was running and its windows were down. The driver's door was "slightly cracked" open. Vasquez's cell phone and other personal items were in the car.
>
> Suddenly, Vasquez heard the driver's door close, and he stood up to see what was happening. The car "accelerated" away from Vasquez, but then "spun right in front of [him, and began] coming straight in [his] direction, coming quick." Because the car was coming at him, Vasquez testified that he "got a good look" at the driver . . . .
>
> As the car approached him, Vasquez stuck his hand in the driver's side window and held onto the car. The car continued to accelerate. Vasquez attempted to grab the man's face in order to take control of the car . . . . However, he testified that, after he grabbed hold of the car, he "was most focused on the cars coming [his] way at like [sixty, seventy] miles an hour."
>
> Vasquez estimated that his car was going eighty miles an hour. His right leg was in the air, while his

A-5597-18T4

left leg dragged on the ground. Vasquez stated that he "was dragged about [forty, forty-five] yards onto the street." Once he saw traffic coming at him, Vasquez stated that he "decided to jump off the vehicle."

. . . .

At trial, Vasquez . . . identified defendant as his assailant in court before the jury. In addition to Vasquez's identification, the State presented DNA evidence linking defendant to the offense. On June 29, 2011, the police located Vasquez's car on the side of a road, approximately two miles from defendant's house. It had no tires or rims, and Vasquez's phone and personal effects were missing.

The police searched the car and found, among other things, a soda bottle and a partially-smoked cigarette. The police contacted Vasquez, who confirmed that these items did not belong to him. The police took DNA samples from the two items and sent them to the State Police DNA lab. The lab reported that the samples taken from the soda bottle and cigarette matched a known DNA sample from defendant that was already in the State's DNA database. Based upon this "investigative lead," a detective put together the photo array which was shown to Vasquez at his home by a second detective who was not involved in the investigation.

After Vasquez identified defendant, the police arrested him. In June 2012, a detective took a buccal swab from defendant during a court appearance in order to collect his DNA. The State Police DNA lab concluded that the DNA from defendant's buccal swab matched the DNA found on the soda bottle and the cigarette.

A-5597-18T4

> Defendant did not testify at trial and did not call any witnesses.
>
> [State v. Williams, No. A-5725-13 (App. Div. Apr. 1, 2016) (slip op. 3-9).]

The jury convicted defendant of first-degree carjacking, N.J.S.A. 2C:15-2. Defendant was sentenced to twenty-five years in prison with an 85% period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2. On direct appeal, defendant argued the in- and out-of-court identifications of defendant were unreliable and that his sentence was excessive. We rejected these arguments and the Supreme Court denied certification. State v. Williams, 227 N.J. 133 (2016).

Defendant filed a timely PCR petition and brief in which he alleged, among other things, that the trial court should have, sua sponte, given a cross-racial identification jury charge and that his trial counsel was ineffective for failing to "present . . . [his] material witness," or argue unspecified mitigating factors that the victim did not suffer life threatening injuries. Appointed counsel filed an amended petition and brief alleging "trial counsel failed to conduct an adequate investigation" or "file[] a motion to suppress the DNA evidence" and appellate counsel "fail[ed] to argue that the evidence was insufficient to convict defendant of car[]jacking."

Judge Michael L. Ravin issued a June 3, 2019 order and corresponding opinion in which he concluded that defendant failed to establish a prima facie case that either his trial or appellate counsel was constitutionally ineffective. The judge accordingly denied defendant's petition without an evidentiary hearing.

Judge Ravin concluded the trial evidence supported the carjacking conviction as the victim's leg injuries "w[ere] sufficient for the jury to find that [defendant] inflicted bodily injury or used force on the victim, or knowingly put the victim in fear of immediate bodily injury while [defendant] was taking the vehicle." Additionally, the judge explained any potential issue with the in-court identification was already addressed by the trial court at defendant's unsuccessful Wade hearing.[1]

Judge Ravin also noted, contrary to defendant's contentions, that the trial court issued a cross-racial identification jury instruction. In addition, the judge explained that trial counsel argued for mitigating factor two, N.J.S.A. 2C:44-1(b)(2) ("The defendant did not contemplate that the defendant's conduct would

---

[1] A Wade hearing is conducted for the purpose of determining whether an out-of-court identification was made in unduly suggestive circumstances and, if so, whether or not any ensuing in-court identification procedure would be fatally tainted thereby. State v. Henderson, 208 N.J. 208, 238 (2011); see United States v. Wade, 388 U.S. 218 (1967).

A-5597-18T4

cause or threaten serious harm . . . ."). Further, Judge Ravin found defendant "d[id] not specify what investigatory steps he believe[d] trial counsel should have taken" or "who [the favorable] witness is, or what the witness would have testified to." Finally, the judge concluded defendant "failed to articulate any basis" upon which trial counsel could have challenged the admissibility of the DNA evidence.

Judge Ravin characterized defendant's claim that his appellate counsel's performance was constitutionally deficient as "meritless" because "there was sufficient evidence in the record to show that [defendant] stole the victim's car and caused him injury while doing so and also knowingly put the victim in fear of immediate bodily injury."

Before us, defendant raises the following points for our consideration:

> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.
>
> > A. [THE PEVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST CONVICTION RELIEF.

B. TRIAL COUNSEL RENDERED INEFFECTIVE LEGAL REPRESENTATION BY VIRTUE OF HIS FAILURE TO THOROUGHLY INVESTIGATE ALL POSSIBLE DEFENSES AND TO ADEQUATELY PREPARE FOR TRIAL.

C. APPELLATE COUNSEL RENDERED INEFFECTIVE LEGAL REPRESENTATION BY VIRTUE OF HIS FAILURE TO ARGUE THAT THE EVIDENCE WAS INSUFFICIENT TO CONVICT DEFENDANT OF CARJACKING.

D. DEFENDANT IS ENTITLTED TO A REMAND TO THE TRIAL COURT TO AFFORD HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.]

We disagree with defendant's arguments and affirm substantially for the reasons stated by Judge Ravin in his written decision. R. 2:11-3(e)(2). We offer the following additional comments.

## II.

"[W]here the [PCR] court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) (citation omitted). We review a PCR court's legal conclusions

de novo.  State v. Harris, 181 N.J. 391, 415-16 (2004) (citing Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).

"Post-conviction relief is neither a substitute for direct appeal, R. 3:22-3, nor an opportunity to relitigate cases already decided on the merits, R. 3:22-5." State v. Preciose, 129 N.J. 451, 459 (1992) (citations omitted).  A defendant raises a cognizable PCR claim if it is based upon a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the [c]onstitution or laws of the State of New Jersey."  R. 3:22-2(a).  Because all criminal defendants have the constitutional right to the assistance of counsel in their defense, defendants may bring a PCR claim for ineffective assistance of counsel.  U.S. Const. amend. VI; N.J. Const. art. I, para. 10.

A claim for ineffective assistance of counsel must satisfy the two-part test pronounced in Strickland v. Washington, 466 U.S. 668 (1984), and State v. Fritz, 105 N.J. 42 (1987), by demonstrating that "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58.  This test extends to appellate counsel as well.  State v. Loftin, 191 N.J. 172, 197-98 (2007).

8

The first prong requires a showing that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. A defendant, however, must overcome a strong presumption that counsel rendered reasonable professional assistance. Id. at 689. "The test is not whether defense counsel could have done better, but whether he met the constitutional threshold for effectiveness." State v. Nash, 212 N.J. 518, 543 (2013). Further, the failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel. State v. Worlock, 117 N.J. 596, 625 (1990); Strickland, 466 U.S. at 688.

Under the second prong, a defendant must demonstrate that his counsel's errors prejudiced the defense such as to deprive defendant of a fair and reliable outcome. Strickland, 466 U.S. at 687. To prove this element, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Moreover, a defendant is not automatically entitled to an evidentiary hearing by simply raising a PCR claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (citing Preciose, 129 N.J. at 462). An evidentiary hearing is required only when: 1) a defendant establishes a prima facie case in support of PCR, 2) the court determines there are disputed issues of material

fact that cannot be resolved by review of the existing record, and 3) the court determines that an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10).

"A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)). In other words, there are "material issues of disputed fact which cannot be resolved by reference to the existing record." State v. Pyatt, 316 N.J. Super. 46, 51 (App. Div. 1998). Mere bald assertions are insufficient. Cummings, 321 N.J. Super. at 170; see also State v. Marshall, 148 N.J. 89, 158 (1997) (holding "an evidentiary hearing need not be granted" if "the defendant's allegations are too vague, conclusory, or speculative" (citations omitted)).

Defendant argues that he established a prima facie claim that his trial and appellate counsels' performance were constitutionally ineffective because trial counsel "failed to conduct an adequate investigation and failed to file a motion to suppress the DNA evidence" and because appellate counsel "fail[ed] to argue

that the evidence was insufficient to convict defendant of carjacking."[2]  We disagree as defendant's arguments are factually unsupported by the record and legally meritless.

Here, defendant has failed to establish that either his trial or appellate counsels' performance was constitutionally defective, or that he suffered any resulting prejudice.  In bare and conclusory fashion, defendant contends a more "thorough investigation" from trial counsel would have resulted in him being "acquitted at trial."  As Judge Ravin correctly explained, defendant failed to identify what a more thorough investigation would have uncovered or what specifically any "potential witnesses" would testify about.  Similarly, defendant offers no support for his conclusory assertion that trial counsel should have "file[d] a motion to suppress the DNA evidence."  He fails to detail the factual or legal basis for any challenge and how the failure to file such a motion prejudiced him.  See State v. O'Neal, 190 N.J. 601, 619 (2007) ("It is not

_____

[2] On appeal, defendant does not challenge the following arguments addressed by the PCR court:  1) that the trial court should have sua sponte provided a cross-racial identification jury charge and 2) that his trial counsel was ineffective for failing to argue unspecified mitigating factors that the victim did not suffer life threatening injuries.  As defendant has failed to brief these issues, they are deemed waived.  See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (citations omitted).  We have nevertheless considered the substance of these contentions and conclude they are without merit for the reasons expressed by Judge Ravin.

ineffective assistance of counsel for defense counsel not to file a meritless motion.").

As the judge noted, the record before the jury was sufficient to convict defendant on carjacking as the victim identified defendant in court as the perpetrator who stole his car, defendant's DNA was found in the car, and the victim suffered leg injuries. See N.J.S.A. 2C:15-2(a)(1) (stating a person is guilty of carjacking "if in the course of committing an unlawful taking of a motor vehicle . . . he . . . inflicts bodily injury or uses force upon an occupant or person in possession or control of a motor vehicle"). There was therefore no basis to challenge the sufficiency of the evidence supporting the carjacking conviction on appeal and in this regard appellate counsel is not required to "advance any grounds insisted upon by defendant." State v. Gaither, 396 N.J. Super. 508, 515 (App. Div. 2007) (quoting R. 3:22-6(d)); see also Worlock, 117 N.J. at 625.

Because we agree with Judge Ravin that defendant did not establish a prima facie case of ineffective assistance of counsel, we likewise conclude he did not abuse his discretion in denying defendant's request for an evidentiary hearing. See Preciose, 129 N.J. at 462. To the extent we have not addressed any of defendant's arguments it is because we have concluded that they are

without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5597-18T4